UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

McALLEN DIVISION

| | | |
|---|---|---|
| GLORIA G. VILLAREAL, INDIVIDUALLY AND A/N/F OF Y.V., A MINOR, AND GLORIA L. VILLAREAL, INDIVIDUALLY AND A/N/F OF D.R., A MINOR | § § § § § | CIVIL ACTION NO.: _____ |
| V. | § § | SECTION "___" - JUDGE: _____ |
| MACY'S CORPORATE SERVICES, INC., A/K/A MACY'S, AND SCHINDLER ELEVATOR CORPORATION | § § § § | DIV. ___ – MAG. JUDGE: _____ |

**NOTICE OF REMOVAL**

Schindler Elevator Corporation, sought to be made a defendant in this matter, who, on reserving all rights and defenses, including, but not limited to, all defenses contained in Federal Rule of Civil Procedure 12, respectfully represents that it desires to remove this matter to the United States District Court for the Southern District of Texas, McAllen Division, and that removal on the grounds of diversity of citizenship is proper for the reasons explained below:

1.

On December 3, 2018, a civil action entitled *"Gloria G. Villareal et al. v. Macy's Corporate Services, Inc., et al.,"* Cause No. CL-18-6846-D, was filed in the County Court at Law No. 4 for the County of Hidalgo, State of Texas. Named defendants in the Original Petition were Macy's Corporate Services, Inc., a/k/a Macy's ("Macy's"), and Schindler Elevator Corporation ("Schindler"). (Exhibit "A," Original Petition)

2.

Plaintiffs are residents of the State of Texas.

3.

Macy's is an Ohio corporation with its principal place of business in Ohio. Macy's has not yet filed an appearance in the suit.

4.

Schindler is a Delaware corporation with its principal place of business in New Jersey.

5.

Plaintiffs' Original Petition was served on Schindler through the Texas Secretary of State, instead of Schindler's agent for service of process, on December 21, 2018. (Exhibit "B," December 27, 2018, correspondence) Schindler's agent for service of process was served with the Original Petition on December 31, 2018. (Exhibit "C," Service of Process Transmittal)

6.

Thirty days have not expired since the receipt by Schindler, through service or otherwise, of a copy of the initial filed pleadings setting forth the claim for relief upon which such action is based.

7.

The Petition seeks recovery of damages for personal injuries allegedly sustained by Plaintiffs, Gloria G. Villareal, individually and a/n/f of Y.V., and Gloria L. Villareal, individually and a/n/f of D.R., in an alleged escalator incident on December 6, 2016, at the Macy's store located at 2100 South 10th Street, McAllen, Texas. The nature of this alleged incident is more fully stated in the Original Petition.

8.

Plaintiffs specifically allege that Gloria G. Villareal and the two minors lost their balance and fell down the up escalator due to the escalator shaking and making a sudden jerking motion. (Exhibit "A," Original Petition, ¶IV)

9.

As a result of the incident, Plaintiffs alleged in their Petition that Gloria G. Villareal and the two minors sustained bodily injuries to their arms, legs, heads, and back. (Exhibit "A," Original Petition, ¶VIII, IX, XI) Furthermore, it is believed that Gloria G. Villareal suffered a fractured leg in the incident.

10.

Plaintiffs seek significant damages for physical injuries, including medical expenses, physical pain, mental anguish, physical impairment, and disfigurement. Based on these allegations as described by Plaintiffs, and while not admitting that Plaintiffs sustained any injuries or damages in the alleged incident, it appears that the amount in controversy exceeds the $75,000 jurisdictional amount of this Court, exclusive of interest and costs.

11.

Schindler, therefore, avers that there exists diversity of citizenship between Plaintiffs and Schindler; that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; and accordingly, that there is original jurisdiction over the subject matter of this action in this Court, as provided in 28 U.S.C. §1332; and that said action may be removed by Schindler, pursuant to the provisions of 28 U.S.C. §1441.

12.

Filed herewith are copies of all processes, pleadings, and Orders served on Schindler, all as required by 28 U.S.C. § 1446(a) (attached *in globo* as Exhibit "D").

13.

Promptly upon filing this Notice of Removal, written notice thereof is being given to Plaintiffs, and a copy of this Notice of Removal is being filed with the Clerk of the aforesaid county court to effect the removal of this action as provided by law. (A copy of the Notice of Filing of Notice of Removal is attached as Exhibit "E.")

WHEREFORE, Defendant, Schindler Elevator Corporation, prays that this Notice of Removal be accepted as good and sufficient and the aforesaid civil action be removed from the County Court at Law No. 4 for the County of Hidalgo, State of Texas, into this Court for trial and determination as provided by law; that this Court may enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in county court in said civil action, and thereupon proceed with this civil action as if originally commenced in this Court; and that all orders and decrees necessary or appropriate and in accordance with the law in such cases be made and provided.

**THE AUBERT LAW FIRM**

BY: /s/ *Christopher J. Aubert*
CHRISTOPHER J. AUBERT, T.A.
State Bar of Texas No. 24054867
Email: caubert@aubertlaw.com
JAMES P. MEYER
State Bar of Texas No. 24104949
Email: jmeyer@aubertlaw.com
222 North Vermont Street
Covington, Louisiana 70433
Telephone: (985) 809-2000
Facsimile:  (985) 809-2001
ATTORNEYS FOR DEFENDANT
SCHINDLER ELEVATOR CORPORATION

- 6 -

## CERTIFICATE OF SERVICE

    I certify that the foregoing Amended Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following counsel, by operation of the Court's electronic filing system, on this 22nd day of January 2019:

> Gorge M. Rubio, Esquire
> RUBIO & ASSOCIATES, PLLC
> 3608 Buddy Owens Blvd., Ste. B
> McAllen, TX 78504
> Email: grubio@grubiolaw.com
> ATTORNEY FOR PLAINTIFFS

> /s/ *Christopher J. Aubert*
> CHRISTOPHER J. AUBERT